Mark G. Worischeck/Bar No. 011147
Ryan P. Sandstrom/Bar No. 029862
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Phone: 602.532.5795
Mark.Worischeck@sandersparks.com
Ryan.Sandstrom@sandersparks.com

Michael G. McQuillen/IL Bar No. 6188166
(*pro hac vice admission anticipated*)
Christopher J. Raistrick/IL Bar No. 6237922
(*pro hac vice admission anticipated*)
Mark S. Susina/IL Bar No. 6201998
(*pro hac vice admission anticipated*)
Richard C. Harris/IL Bar No. 6313005
(*pro hac vice admission anticipated*)
**ADLER MURPHY & McQUILLEN, LLP**
20 S. Clark St., Suite 2500
Chicago, Illinois 60603
Phone: 312.345-0700
mmcquillen@amm-law.com
craistrick@amm-law.com
msusina@amm-law.com
rharris@amm-law.com

*Attorneys for Defendant L3Harris Technologies, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL GIBSON MUIR, an unmarried man, <br><br> Plaintiff, <br><br> v. <br><br> L3HARRIS TECHNOLOGIES, INC., a Delaware for-profit corporation, <br><br> Defendant. | Case No. <br><br> Maricopa County Superior Court No.: CV2019-013495 <br><br> **Defendant L3Harris Technologies, Inc.'s Notice of Removal** |

1

**NOTICE OF REMOVAL**

2

      Defendant, L3Harris Technologies, Inc. ("L3"), hereby removes this action, currently

3

pending as Case No. CV2019-CV-013495 in the Superior Court of Arizona, Maricopa County, to

4

5

the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441(b)

6

(diversity jurisdiction removal), 28 U.S.C. § 1441(a) (federal question removal) and § 1446.

7

**I.  Removal is timely.**

8

9

      1.     Plaintiff filed his *pro se* Complaint in the Maricopa County Superior Court on

10

December 2, 2019. L3 was served with the Complaint on December 3, 2019. As required by 28

11

U.S.C. § 1446(a) and Local Rule 3.6(b), a true and correct copy of the Complaint, and all process,

12

pleadings, and orders in the state court action are attached hereto as **Exhibit A**. L3 is filing this

13

14

Notice of Removal within thirty (30) days of service of Plaintiff's Complaint, making removal

15

timely under 28 U.S.C. § 1446(b)(2)(B).

16

**II.  Nature of Plaintiff's Complaint.**

17

18

      2.     Plaintiff alleges that he suffers from a "congenital physical disability" which was

19

revealed when he travelled through the Phoenix-Mesa Gateway Airport on August 9, 2018 (Ex A:

20

Complaint at ¶ 5). Referencing federal case law, Plaintiff next alleges that the "[p]rocurement and

21

operation of TSA checkpoint equipment is a uniquely federal interest." (Ex A: Complaint at ¶ 6).

22

23

Plaintiff claims to have suffered emotional distress because "L3 instigated creation of 'The

24

Shadow,' a menacing presence now constantly inhabiting [Plaintiff's] waking psyche." (Ex A:

25

Complaint at ¶ 42). Plaintiff alleges that L3 "violated [Plaintiff's] private relationship with the

26

27

Creator by unlawfully disclosing his private disability/emergency." (Ex A: Complaint at ¶ 43).

28

Alleging that L3 invaded his privacy using its proprietary technology, Plaintiff claims to have suffered paranoia with physical manifestations such as throat constriction, muscle spasms, and groin pain. (Ex A: Complaint at ¶¶ 44-45). Plaintiff's remaining allegations track the continuing theme that L3 developed proprietary software for civilian airport passenger screening which unlawfully exposed the human tissue beneath his skin. (See Ex A: Complaint at "Statement of Facts and Breach").

### III.   Removal is proper under this Court's diversity jurisdiction.

3.     Removal is proper for at least two reasons. First, under 28 U.S.C. § 1332, there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a), 1441.

### A. Diversity of Citizenship

4.     Plaintiff alleges that he is a "natural person living in Tempe, Arizona." (Ex A: Complaint at ¶ 3). It has long been held that "the place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Shimomura v. American Medical Response Inc.*, 2018 U.S. Dist. LEXIS 74890, at *4-5 (D. Ariz. 2018) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891)).

5.     Plaintiff alleges that L3 is "a Delaware for-profit corporation headquartered in Melbourne, Florida, registered and doing business in Maricopa County." L3 is in fact incorporated in the State of Delaware and has its principle place of business in the State of Florida. See Cover and Certification Pages of United States Securities and Exchange Commission, Form 10-Q, filed October 31, 2019, attached hereto as **Exhibit B**.

6.      For purposes of diversity, a corporation is deemed to be a citizen of both its state of incorporation and its principle place of business. 28 U.S.C. § 1332(c)(1).

7.      Because Plaintiff is a citizen of Arizona and L3 is a dual citizen of Delaware and Florida, the parties are completely diverse under 28 U.S.C. § 1332(a)(1) and (c)(1).

**B. Amount in Controversy**

8.      Pursuant to Rule 26.2(c)(3) of the Arizona Rules of Civil Procedure, Plaintiff requested that his claim be classified as a "Tier 3 Action," meaning he is seeking $300,000 or more in damages. (Ex A: Complaint at ¶ 2). Plaintiff also demands judgment against L3 for $250,000,000.00 in damages for "severe emotional distress." Plaintiff further seeks punitive damages and "injunctive relief requiring L3 to return [Plaintiff's] August 9, 2018 AIT scan 'code' to him." (Ex A: Complaint at ¶¶ 48-50).

9.      To qualify for diversity jurisdiction, a defendant's notice of removal needs only to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The Ninth Circuit recognizes that "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Stated differently, "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." (Emphasis in original.) *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019).

10.     Here, it is irrelevant whether Plaintiff can ultimately recover $250,000,000.00 in damages, or even whether he can recover $300,000 in damages he claimed for classification as a "Tier 3 Action" under Rule 26.2(c)(3) of the Arizona Rules of Civil Procedure. In fact, L3 denies all of Plaintiff's allegations. However, taking those allegations as true for the purposes of evaluating removal, and considering Ninth Circuit precedent, L3 has met its burden of establishing it is more likely than not that the amount in controversy exceeds $75,000.

11.     Accordingly, the amount in controversy requirement is satisfied and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 1441.

### IV.     Removal is also proper because this case involves a federal question.

12.     Removal is also proper under 28 U.S.C. §§ 1331 and 1441(a), because this case falls within the Court's federal question jurisdiction for civil actions arising under the laws of the United States. Our Supreme Court has long held that the presence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank*, 522 U.S. 470, 474-75 (1998); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

13.     Further, under 28 U.S.C. § 1367, in any civil action over which the district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See also *Acri v. Varian Associates*, 114 F.3d 999, 1000 (9th Cir. 1997) (holding that, if removal was proper,

but the federal question claim is later defeated on the merits, the district court retains discretion to exercise supplemental jurisdiction over the remaining state law claims).

14.     Here, in addition to his state law claims, Plaintiff claims that L3 used its proprietary software to invade his privacy, thereby violating 29 U.S.C. § 794(a), 49 U.S.C. § 44901(I)(A)(i), and 49 U.S.C. § 40103(a)(2). (Ex A: Complaint at "Statement of Facts and Breach," ¶ 14). These statutes involve, respectively, the non-discrimination of federal grants and programs, TSA screening of passengers and property, and the sovereignty and use of airspace. Plaintiff also suggests that L3's conduct violated the Rehabilitation Act of 1973 (Ex A: Complaint at "Statement of Facts and Breach," ¶ 20), and federal regulations requiring airline passengers to submit to screening and inspection (Ex A: Complaint at "Statement of Facts and Breach," ¶ 24).

15.     Because Plaintiff has brought a civil action arising under the laws of the United States, his Complaint falls within this Court's federal question jurisdiction, and Plaintiff's state law claims are subject to this Court's supplemental jurisdiction. Removal is therefore proper under 28 U.S.C. §§ 1331 and 1441(a).

**V. Conclusion.**

16.     As demonstrated above, L3 established that removal is proper based on diversity and federal question removal grounds. Accordingly, removal of this matter is proper.

17.     In accordance with 28 U.S.C. § 1446(b) and Local Rule 3.6(a), a copy of this Notice of Removal has been filed with the Clerk of Court for Maricopa County Superior Court and notice has been sent to Plaintiff, which is included in **Exhibit A**.

18.     Further, a verification that true and correct copies of all pleadings and other documents that were previously filed in the State Court Action is attached as **Exhibit C** pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.6(b).

19.     WHEREFORE, L3 hereby removes this action to the United States District Court for the District of Arizona.

**RESPECTFULLY SUBMITTED** this 23rd day of December, 2019.

**SANDERS & PARKS, P.C.**


By  /s/ Ryan P. Sandstrom
Mark G. Worischeck
Ryan P. Sandstrom
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099

Michael G. McQuillen (pending *pro hac vice*)
Christopher J. Raistrick (pending *pro hac vice*)
Mark S. Susina (pending *pro hac vice*)
Richard C. Harris (pending *pro hac vice*)
**ADLER MURPHY & McQUILLEN, LLP**
20 S. Clark St., Suite 2500
Chicago, Illinois 60603
*Attorneys for Defendant L3Harris Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

With a copy sent via email to:

Michael Gibson Muir
3255 S. Dorsey Lane
Apt. 1036
Tempe, AZ 85282
blaxwan@yahoo.com
*Plaintiff Pro Per*

By:    */s/ Katie Martin*