*Michael Gibson Muir v. L3Harris Technologies, Inc.*

## <u>EXHIBIT INDEX</u>

**Exhibit A**     **True and correct copy of Complaint and all process, pleadings and orders in Maricopa County Superior Court action**

**Exhibit B**     **Cover and Certification Pages of United Securities and Exchange Commission and Form 10-Q**

**Exhibit C**     **Verification that all previously filed documents in the State Court Action**

# EXHIBIT A

In the Superior Court of the State of Arizona

## CV2019-013495

CV2019-013495

### CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP
2019 DEC -2 AM 8: 42

Is Interpreter Needed?    ☐ Yes    ☒ No

If yes, what language(s):

Plaintiff's Attorney _____

Attorney Bar Number _____

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| MICHAEL GIBSON MUIR | 3255 S. DORSEY LN. APT. 1036 TEMPE, AZ 85282 | 7123096121 | blaxwan@yahoo.com |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

L3HARRIS TECHNOLOGIES, INC.

(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:
**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $250,000,000.00        ☐ Tier 1        ☐ Tier 2        ☒ Tier 3

### NATURE OF ACTION
Place an **"X"** next to the **one** case category that most accurately describes your primary case. Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*

☐ 103 Wrongful Death*

Case No. _____

## 110 TORT NON-MOTOR VEHICLE:

- ☐ 111 Negligence*
- ☐ 112 Product Liability – Asbestos*
- ☐ 112 Product Liability – Tobacco*
- ☐ 112 Product Liability – Toxic/Other*
- ☒ 113 Intentional Tort*
- ☐ 114 Property Damage*
- ☐ 115 Legal Malpractice*
- ☐ 115 Malpractice – Other professional*
- ☐ 117 Premises Liability*
- ☐ 118 Slander/Libel/Defamation*
- ☐ 116 Other (Specify) _____ *

## 120 MEDICAL MALPRACTICE:

- ☐ 121 Physician M.D.*   ☐ 123 Hospital*
- ☐ 122 Physician D.O*   ☐ 124 Other*

## 130 & 197 CONTRACTS:

- ☐ 131 Account (Open or Stated)*
- ☐ 132 Promissory Note*
- ☐ 133 Foreclosure*
- ☐ 138 Buyer-Plaintiff*
- ☐ 139 Fraud*
- ☐ 134 Other Contract (i.e. Breach of Contract)*
- ☐ 135 Excess Proceeds-Sale*
- ☐ Construction Defects (Residential/Commercial)*
  - ☐ 136 Six to Nineteen Structures*
  - ☐ 137 Twenty or More Structures*
- ☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation*
- ☐ 151 Eviction Actions (Forcible and Special Detainers)*
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment

- ☐ 158 Quiet Title*
- ☐ 160 Forfeiture*
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)*
- ☐ 187 Real Property *
- ☐ Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
- ☐ 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute – Other*
- ☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)*
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only*
- ☐ 177 Interpleader– Automobile Only*
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*                    ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition                    _____

☐ 195(a) Amendment of Marriage License                        (Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order       ☐ Provisional Remedy       ☐ OSC              ☐ Election Challenge

☐ Employer Sanction                 ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

Person Filing: MICHAEL GIBSON MUIR

Address (If not protected): 3255 S. DORSEY LN. APT. 1036

City, State, Zip Code: TEMPE, AZ 85282

Telephone: 7123096121

Email Address: blaxwan@yahoo.com

Lawyer's Bar Number:

Representing ☒ Self, without a Lawyer. or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

COPY

DEC 02 2019

For Clerk's Use Only

CLERK OF THE SUPERIOR COURT
M. MESSNER
DEPUTY CLERK

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

MICHAEL GIBSON MUIR

Name of Plaintiff

Case Number: CV2019-013495

Title: **CIVIL COMPLAINT**

L3HARRIS TECHNOLOGIES, INC.

Name of Defendant

Plaintiff hereby submits this complaint against Defendant(s) and alleges the following:

## JURISDICTION and VENUE

1. Maricopa County Superior Court has the legal authority to hear and decide this case because: *(Check all boxes that are true.)*

   ☒ The value of this case exceeds $10,000 dollars.

   ☐ Replevin or other nonmonetary remedy will take place in Maricopa County.

   ☒ The Plaintiff resides in Maricopa County.

   ☐ The Defendant resides in Maricopa County.

   ☒ The Defendant does business in Maricopa County.

   ☒ The events, actions, or debts subject of this Complaint occurred in Maricopa County.

   ☐ Other reason: _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 070118

Case Number: _____

## DISCOVERY TIER

2. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign my case to the following tier based on the amount of damages I request.

    ☐ Tier 1 = Actions claiming $50,000 or less in damages.

    ☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000 in damages,

        OR  Actions claiming nonmonetary relief.

    ☒ Tier 3 = Actions claiming $300,000 or more in damages.

## PARTIES

3. The Plaintiff in this case is MICHAEL GIBSON MUIR ("Muir"), a natural person living in Tempe, Arizona.

4. The Defendant in this case is L3HARRIS TECHNOLOGIES, INC. ("L3"), a Delaware for-profit corporation headquartered in Melbourne, Florida, registered in Arizona and doing business in Maricopa County.

## STATEMENT OF FACTS AND BREACH

5. Muir is a United States citizen with a congenital physical disability.

   Muir was a guest traveling through Phoenix Mesa Gateway Airport ("IWA") in Mesa, Arizona on August 9, 2018.

6. L3 is a United States government contractor.

   L3's Provision millimeter wave scanner was in use at IWA under U.S. government contract on August 9, 2018.

7. Procurement and operation of TSA checkpoint equipment is a uniquely federal interest.

   Therefore, the first prong of the "Boyle Test" is satisfied.

8. There is no significant conflict between relevant federal statute, federal code, TSA policy and Arizona state law.

   Therefore, the second prong of the "Boyle Test" is not satisfied.

9. Both prongs of the "Boyle Test" are not satisfied as required to displace state law.

   Therefore, Arizona state law is not displaced.

Case Number: _____

10. L3 exceeded its authority when it violated federal law and Muir's constitutional rights at IWA on August 9, 2018.

Therefore, L3 is not entitled to "Yearsley" immunity and this Court has jurisdiction.

(If you need more space, add an attachment labeled "Statement of Facts and Breach," and continue consecutive numbering.)

## APPLICABLE LAW SUPPORTING CLAIMS

( 26.  )   Boyle v. United Technologies Corp., 487 U.S. 500 (1988) (Claims 6-9)

( 27.  )   Yearsley v. W. A. Ross Construction Co., 309 U.S. 18 (1940) (Claim 10)

( 28.  )   Campbell-Ewald v. Gomez, 577 U.S. ___ (2016) (Claim 11)

( 29.  )   Bentzlin v. Hughes Aircraft Co., 833 F. Supp. 1486 (C.D. Cal. 1993) (Claim 12)

( 30.  )   Common law Intrusion Upon Seclusion (Claim 14)

( 31.  )   Common law Public Disclosure of Private Facts (Claim 15)

(If you need more space, add an attachment labeled "Applicable Laws Supporting Claims," and continue consecutive numbering.)

## INJURIES

( 42.  )   Emotional Distress

L3 instigated creation of "The Shadow", a menacing presence now constantly inhabiting Muir's waking psyche.

Case Number: _____

( 43. )  Interference in a personal relationship with the Creator

L3 violated Muir's private relationship with the Creator by unlawfully disclosing his private disability/emergency.

( 44. )  Post-Traumatic Stress Disorder

Traumatic bonding and paranoia caused by L3's invasion of Muir's privacy using proprietary technology.

( 45. )  Painful physical manifestations

Muir experiences involuntary movements, throat constriction, muscle spasms, shortness of breath and groin pain.

( 46. )  Loss of enjoyment of life

Muir can no longer exercise his statutory right to travel between the Several States by air.

(If you need more space, add an attachment labeled "Injuries," and continue consecutive numbering.)

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendant(s), and each of them (if applicable) for the following dollars, interest, costs and expenses incurred herein, **or** non-monetary remedy, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

( 48. )  Injunctive relief requiring L3 to return Muir's August 9, 2018 AIT scan "code" to him.

( 49. )  $250,000,000.00 in damages for physical violation of the person leading to severe emotional stress beyond the bounds of human decency.

( 50. )  Punitive damages in an amount to be decided by a jury.

( 51. )  Cost of the action and any other relief the Court deems appropriate.

(If you need more space, add an attachment labeled "Demand for Relief," and continue consecutive numbering.)

Dated this _____ 12 / 2 / 19 _____.
         *(Date of signature)*

_____
*(Signature of Plaintiff or Plaintiff's Attorney)*

© Superior Court of Arizona in Maricopa County
   ALL RIGHTS RESERVED          Page 4 of 4

CVC10f 070118

STATEMENT OF FACTS AND BREACH

11. L3 violated clearly established law in its unconstitutional Advanced Imaging Technology ("AIT") search of Muir at IWA on August 9, 2018.

And because failure to warn of a known danger created by L3 is a matter of safety and not public policy, the "discretionary function exception" does not apply and L3 is not entitled to "Yearsley" immunity and this Court has jurisdiction.

12. L3's proprietary Automatic Target Recognition ("ATR") software is not "high technology military equipment" because it is used in a civilian setting by Transportation Security Administration ("TSA"), a non-military sub-agency of the non-military Department of Homeland Security, within the borders of Arizona during peacetime and sold commercially by L3 on the open market on six continents.

And because civilian air passenger screening inside the borders of the United States for domestic air travel is not "wartime activity", L3 is not entitled to the "government contractor defense" or derivative sovereign immunity and this Court has jurisdiction.

13. Muir understood L3 violated his rights in August 2019.

Based on the facts, a reasonable person would have known his rights were violated by June 2019 and this will be proven in discovery.

14. L3 intentionally invaded Muir's privacy using its proprietary ATR software at IWA Airport on August 9, 2018 when it violated federal law (29 U.S.C. § 794(a), 49 U.S.C. § 44901(l)(A)(i), 49 U.S.C. § 40103(a)(2)), by using millimeter wave information about Muir's human tissue beneath

his skin which was completely consistent with his expected reproductive anatomy to trigger an unconstitutional threat alarm at Muir's right groin, which is the site of his most private of ailments, an extremely painful and sometimes life-threatening congenital disorder that Muir had rightfully expected to keep private.

L3's physical intrusion upon Muir's private affairs on August 9, 2018 directly caused severe mental anguish and lasting emotional pain that no human being could be expected to endure.

15. L3 publicly disclosed private information about Muir at IWA Airport on August 9, 2018 when it unlawfully displayed the exact location of Muir's underneath the skin congenital disability as a false threat alarm on the surface of the skin requiring a physical "pat-down" to resolve.

L3's disclosure of Muir's private information was the direct cause of his damages and they could not have happened without L3's reckless and unlawful actions.

16. L3 intentionally instigated Muir's false imprisonment using its ATR software at IWA Airport on August 9, 2018 when it unlawfully displayed Muir's entirely human tissue entirely beneath the skin congenital disability as a non-human-tissue threat alarm on the surface of his skin at his right groin which directly instigated the mandatory unconstitutional and unlawful seizure of Muir for further interrogation and required physical search.

L3's unlawful search of Muir using its ATR software was directly responsible for Muir's unlawful and unconstitutional false imprisonment at IWA on August 9, 2018 and it could not have happened without L3's reckless actions.

17. L3's proprietary ATR software is unreasonably dangerous due to manufacturing defect.

L3 could not have intended its ATR software to disclose Muir's private, under the skin health information because it was an obvious violation of clearly established law and federal policy.

18. L3 failed to warn Muir that its ATR software would illegally and unconstitutionally disclose his completely human tissue, completely beneath the skin, completely consistent with his expected reproductive anatomy congenital disability at his right groin.

L3 knew that Muir's human tissue underneath his skin was not subject to search using its ATR software.

19. L3 violated Muir's right to privacy when it illegally disclosed Muir's private health information on August 9, 2018.

L3's unlawful conduct in publicly disclosing Muir's disability caused Muir great disturbance in his private affairs.

20. L3's conduct was extreme and outrageous in illegally disclosing Muir's congenital disability, especially in light of 29 U.S.C. § 701, of which L3 must have been aware as a federal government contractor responsible for the AIT screening of more than two million passengers per day.

L3 recklessly disregarded the certain knowledge that its illegal and unconstitutional conduct would result in psychological injury and severe emotional distress for Muir when it violated federal law and Muir's constitutional rights by using its ATR software to process AIT millimeter wave information regarding Muir's internal organs and publicly disclosed his most private ailment at IWA Airport on August 9, 2018.

21. L3 took Muir's private health information in the form of proprietary "code" via an AIT millimeter wave scan that searched human tissue information beneath his skin without his permission.

L3 knew it was not entitled to convert millimeter wave information regarding Muir's internal organs into "code" for proprietary ATR processing as AIT screening is limited, by Congress, to the surface of the skin and objects on the body and Muir's internal organs are not foreign material and not objects on his body.

22. L3 intentionally interfered with Muir's private property by converting millimeter wave information regarding his human tissue underneath his skin into proprietary code it alone controlled.

L3's illegal and unconstitutional interference with Muir's private property deprived Muir of its use.

23. L3 was unjustly enriched at Muir's expense when it took Muir's private health information using undue influence in a position of trust.

L3 knew it was prohibited by international treaty from scientific experimentation without notice, which includes ATR algorithm training.

24. L3 breached its implied warranties of merchantability and fitness for a particular purpose when it searched human tissue underneath Muir's skin at IWA Airport on August 9, 2018.

L3 had substantial knowledge that Muir was likely to be affected by its ProVision AIT scanner and ATR software at IWA Airport because federal code requires all air passengers to submit to AIT scanning in order to access sterile areas of the airport (49 C.F.R. § 1540.107).

25. L3 violated Muir's constitutional right to due process when it acted recklessly and illegally disclosed Muir's congenital disability at IWA on August 9, 2018 and directly interfered with his personal liberty.

L3's reckless conduct directly led to Muir's unconstitutional false imprisonment on August 9, 2018 and it could not have happened without L3's unlawful, unconstitutional instigation.

## APPLICABLE LAWS SUPPORTING CLAIMS

32. Common law Instigating False Imprisonment (Claim 16)

33. Common law Product Liability Manufacturing Defect (Claim 17)

34. Common law Product Liability Information Defect (Claim 18)

35. Constitutional Tort - Right to Privacy - Arizona Constitution Article II Section 8 (Claim 19)

36. Common law Intentional Infliction of Emotional Distress (Claim 20)

37. Common law Taking Chattels (Claim 21)

38. Common law Conversion (Claim 22)

39. Unjust Enrichment (Claim 23)

40. A.R.S. § 47-2318 - Third party beneficiaries of warranties express or Implied (Claim 24)

41. Constitutional Tort – Due Process - Arizona Constitution Article II Section 4 (Claim 25)

## INJURIES

47. Anxiety

Muir experiences debilitating panic attacks and overwhelming feelings of paranoia because of L3's unlawful violation of his privacy in exposing his congenital disability.

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2019 DEC -2 AM 8: 43
For Clerk's Use Only

**Person Filing:** MICHAEL GIBSON MUIR

**Address (if not protected):** 3255 S. DORSEY LN. APT. 1036

**City, State, Zip Code:** TEMPE, AZ 85282

**Telephone:** 7123096121

**Email Address:** blaxwan@yahoo.com

**Lawyer's Bar Number:**

**Representing** ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff  OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

MICHAEL GIBSON MUIR
_____
Name of Plaintiff

**Case Number:** CV2019-013495

**Title:** **PLAINTIFF'S DEMAND for JURY TRIAL**

L3HARRIS TECHNOLOGIES, INC.
_____
Name of Defendant

Plaintiff, MICHAEL GIBSON MUIR _____, demands a trial by jury in this case. If this

*(Name of Plaintiff)*

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this 12 / 2 / 19
_____
*(Date of signature)*

_____
*(Signature of Plaintiff or Plaintiff's Attorney)*

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2019 DEC -2 AM 8:43

FOR CLERK'S USE ONLY

Person Filing: MICHAEL GIBSON MUIR

Address (if not protected): 3255 S. DORSEY LN. APT. 1036

City, State, Zip Code: TEMPE, AZ 85282

Telephone: 7123096121

Email Address: blaxwan@yahoo.com

Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

MICHAEL GIBSON MUIR

_____

                    PLAINTIFF,

        VS.

L3HARRIS TECHNOLOGIES, INC.

_____

                    DEFENDANT.

Case Number: CV2019-013495

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs (does) does not exceed limits set by Local Rule for compulsory arbitration. This case is / (is not) subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this 2nd day of December, 20 19.

        BY _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

                    Page 1 of 1

CV00f - 030617
Use current version

Proper

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #4
NIGHT DEPOSITORY

19 DEC -4  AM 11: 05

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

**MICHAEL GIBSON MUIR**

Plaintiff,

Case Number: CV2019-013495

**RETURN OF SERVICE**

**FILED**
BY B. BARRETT, DEP

vs.

**L3HARRIS TECHNOLOGIES, INC.**

Defendant.

Received by Maricopa County Process Service, PLLC on the 2nd day of December, 2019 at 12:08 pm to be served on L3HARRIS TECHNOLIGIES, INC, c/o CORPORATION SERVICE COMPANY, 8825 N. 23RD AVE. STE. 100, PHOENIX, AZ 85021.

I, Gregory M Urroz, Process Server, do hereby affirm that on the **3rd day of December, 2019** at **11:12 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S DEMAND FOR JURY TRIAL and CERTIFICATE OF COMPULSORY ARBITRATION** to: **BROOKLYN VANDEVENTER as a PROCESS SERVER COORDINATOR, a person authorized to accept service** at the address of: **8825 N. 23RD AVE. STE. 100, PHOENIX, AZ 85021** on behalf of **L3HARRIS TECHNOLIGIES, INC,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 24, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: 150, Hair: Light Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Gregory M Urroz, Process Server
Maricopa County, #MC8253

**Maricopa County Process Service, PLLC**
**600 E Baseline Rd**
**Suite B6**
**Tempe, AZ 85283**
**(602) 424-7474**

Our Job Serial Number: GUR-2019004602
Ref: CV2019-013495 - L3Harris Tech

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

Mark G. Worischeck/Bar No. 011147
Ryan P. Sandstrom/Bar No. 029862
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Phone: 602.532.5795
Mark.Worischeck@sandersparks.com
Ryan.Sandstrom@sandersparks.com

Michael G. McQuillen/IL Bar No. 6188166
*(pro hac vice admission anticipated)*
Christopher J. Raistrick/IL Bar No. 6237922
*(pro hac vice admission anticipated)*
Mark S. Susina/IL Bar No. 6201998
*(pro hac vice admission anticipated)*
Richard C. Harris/IL Bar No. 6313005
*(pro hac vice admission anticipated)*
**ADLER MURPHY & McQUILLEN, LLP**
20 S. Clark St., Suite 2500
Chicago, Illinois 60603
Phone: 312.345-0700
mmcquillen@amm-law.com
craistrick@amm-law.com
msusina@amm-law.com
rharris@amm-law.com

*Attorneys for Defendant L3Harris Technologies, Inc.*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL GIBSON MUIR, an unmarried man, | Case No. CV2019-013495 |
| Plaintiff, | **NOTICE OF FILING NOTICE OF REMOVAL** |
| v. | |
| L3HARRIS TECHNOLOGIES, INC., a Delaware for-profit corporation, | *(Assigned to the Honorable Danielle Viola)* |
| Defendant. | |

Pursuant to 28 U.S.C. §1441, *et seq.,* L3Harris Technologies, Inc., ("L3") notifies the Superior Court that it has filed a Notice of Removal of this action to the United States District Court for the District of Arizona. *See* **Exhibit A**, Notice of Removal (exhibits omitted).

1    DATED this 23rd day of December, 2019.

2                                            **SANDERS & PARKS, P.C.**

3

4                                            By /s/ Ryan P. Sandstrom
5                                               Mark G. Worischeck
                                                Ryan P. Sandstrom
6                                               3030 North Third Street, Suite 1300
                                                Phoenix, AZ  85012-3099
7
                                               Michael G. McQuillen (pending *pro hac vice*)
8                                               Christopher J. Raistrick (pending *pro hac vice*)
                                               Mark S. Susina (pending *pro hac vice*)
9                                               Richard C. Harris (pending *pro hac vice*)
                                               **ADLER MURPHY & McQUILLEN, LLP**
10                                              20 S. Clark St., Suite 2500
                                               Chicago, Illinois 60603
11                                              *Attorneys for Defendant L3Harris Technologies,*
                                               *Inc.*
12

13   Original of the foregoing electronically filed
     on this 23rd day of December, 2019 with:
14

15   Clerk of the Court
     **MARICOPA COUNTY SUPERIOR COURT**
16   Central Court Building
     201 W. Jefferson
17   Phoenix, AZ  85003-2243

18   Copy of the foregoing delivered via E-Filing System
     on this 23rd day of December, 2019 to:
19

20   Honorable Danielle Viola
     **MARICOPA COUNTY SUPERIOR COURT**
21   South Court Tower
     175 W. Madison Street, Courtroom 13400/5B
22   Phoenix, AZ 85003-2243

23   Copy of the foregoing emailed
     on this 23rd day of December, 2019 to:
24
     Michael Gibson Muir
25   3255 S. Dorsey Lane
     Apt. 1036
26   Tempe, AZ 85282
     blaxwan@yahoo.com
27   *Plaintiff Pro Per*

28   By: /s/ Katie Martin

                                        - 2 -

# EXHIBIT B



**L3HARRIS**

## UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549
## FORM 10-Q

(Mark One)

QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the quarterly period ended September 27, 2019

or

TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from_____ to _____

Commission File Number: 1-3863

# L3HARRIS TECHNOLOGIES, INC.

(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | 34-0276860 |
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |
| **1025 West NASA Boulevard** | |
| **Melbourne, Florida** | 32919 |
| (Address of principal executive offices) | (Zip Code) |

Registrant's telephone number, including area code: (321) 727-9100

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, par value $1.00 per share | LHX | New York Stock Exchange |

Indicate by check mark whether the registrant (I) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. ☑ Yes ☐ No

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit such files). ☑ Yes ☐ No

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company" and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| | | | |
|---|---|---|---|
| Large accelerated filer | ☑ | Accelerated filer | ☐ |
| Non-accelerated filer | ☐ | Smaller reporting company | |
| Emerging growth company | | | |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☑ No

The number of shares outstanding of the registrant's common stock as of October 25, 2019 was 221,064,649 shares.

Exhibit 31.1

CERTIFICATION

I, William M. Brown, Chairman and Chief Executive Officer of L3Harris Technologies, Inc., certify that:

1.  I have reviewed this Quarterly Report on Form 10-Q for the quarter ended September 27, 2019 of L3Harris Technologies, Inc.;

2.  Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;

3.  Based on my knowledge, the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report;

4.  The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:

    (a)  Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared;

    (b)  Designed such internal control over financial reporting, or caused such internal control over financial reporting to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles;

    (c)  Evaluated the effectiveness of the registrant's disclosure controls and procedures and presented in this report our conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by this report based on such evaluation; and

    (d)  Disclosed in this report any change in the registrant's internal control over financial reporting that occurred during the registrant's most recent fiscal quarter (the registrant's fourth fiscal quarter in the case of an annual report) that has materially affected, or is reasonably likely to materially affect, the registrant's internal control over financial reporting; and

5.  The registrant's other certifying officer and I have disclosed, based on our most recent evaluation of internal control over financial reporting, to the registrant's auditors and the audit committee of the registrant's board of directors (or persons performing the equivalent functions):

    (a)  All significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information; and

    (b)  Any fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal control over financial reporting.

Date: October 31, 2019

/s/ William M. Brown

Name:   William M. Brown

Title:   Chairman and Chief Executive Officer

Exhibit 31.2

## CERTIFICATION

I, Jesus Malave Jr., Senior Vice President and Chief Financial Officer of L3Harris Technologies, Inc., certify that:

1.  I have reviewed this Quarterly Report on Form 10-Q for the quarter ended September 27, 2019 of L3Harris Technologies, Inc.;

2.  Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;

3.  Based on my knowledge, the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report;

4.  The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:

    (a)  Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared;

    (b)  Designed such internal control over financial reporting, or caused such internal control over financial reporting to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles;

    (c)  Evaluated the effectiveness of the registrant's disclosure controls and procedures and presented in this report our conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by this report based on such evaluation; and

    (d)  Disclosed in this report any change in the registrant's internal control over financial reporting that occurred during the registrant's most recent fiscal quarter (the registrant's fourth fiscal quarter in the case of an annual report) that has materially affected, or is reasonably likely to materially affect, the registrant's internal control over financial reporting; and

5.  The registrant's other certifying officer and I have disclosed, based on our most recent evaluation of internal control over financial reporting, to the registrant's auditors and the audit committee of the registrant's board of directors (or persons performing the equivalent functions):

    (a)  All significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information; and

    (b)  Any fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal control over financial reporting.

Date: October 31, 2019

/s/ Jesus Malave Jr.

Name:   Jesus Malave Jr.

Title:   Senior Vice President and Chief Financial Officer

Exhibit 32.1

**Certification**
Pursuant to Section 1350 of Chapter 63 of Title 18 of the
United States Code as Adopted Pursuant to Section 906
of the Sarbanes-Oxley Act of 2002

In connection with the filing of the Quarterly Report on Form 10-Q of L3Harris Technologies, Inc. ("L3Harris") for the quarter ended September 27, 2019, as filed with the Securities and Exchange Commission on the date hereof (the "Report"), the undersigned, William M. Brown, Chairman and Chief Executive Officer of L3Harris, hereby certifies, pursuant to 18 U.S.C. §1350, as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, that:

(1)  The Report fully complies with the requirements of Section 13(a) or 15(d), as applicable, of the Securities Exchange Act of 1934, as amended; and

(2)  The information contained in the Report fairly presents, in all material respects, the financial condition and results of operations of L3Harris as of the dates and for the periods expressed in the Report.

Date: October 31, 2019

/s/ William M. Brown

Name:   William M. Brown

Title:   Chairman and Chief Executive Officer

Exhibit 32.2

**Certification**
Pursuant to Section 1350 of Chapter 63 of Title 18 of the
United States Code as Adopted Pursuant to Section 906
of the Sarbanes-Oxley Act of 2002

In connection with the filing of the Quarterly Report on Form 10-Q of L3Harris Technologies, Inc. ("L3Harris") for the quarter ended September 27, 2019, as filed with the Securities and Exchange Commission on the date hereof (the "Report"), the undersigned, Jesus Malave Jr., Senior Vice President and Chief Financial Officer of L3Harris, hereby certifies, pursuant to 18 U.S.C. §1350, as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, that:

(1)  The Report fully complies with the requirements of Section 13(a) or 15(d), as applicable, of the Securities Exchange Act of 1934, as amended; and

(2)  The information contained in the Report fairly presents, in all material respects, the financial condition and results of operations of L3Harris as of the dates and for the periods expressed in the Report.

Date: October 31, 2019

/s/ Jesus Malave Jr.

Name:  Jesus Malave Jr.
Title:  Senior Vice President and Chief Financial Officer

# EXHIBIT C

## VERIFICATION and DECLARATION

I, Ryan Sandstrom, am counsel of record for L3Harris Technologies, Inc., the removing party in the action entitled *Michael Gibson Muir v. L3Harris Technologies, Inc.*, Maricopa County Superior Court Case No. CV2019-013495. By and through this document, I hereby verify and attest to the fact that the accompanying documents attached to the Notice of Removal Exhibit A are true and complete copies of all pleadings and other documents filed in the Maricopa County Superior Court.

Dated this 23rd day of December, 2019.

**SANDERS & PARKS, P.C.**


By */s/ Ryan P. Sandstrom*
    Mark G. Worischeck
    Ryan P. Sandstrom
    3030 North Third Street, Suite 1300
    Phoenix, AZ  85012-3099

    Michael G. McQuillen
    (pending *pro hac vice)*
    Christopher J. Raistrick
    (pending *pro hac vice)*
    Mark S. Susina
    (pending *pro hac vice)*
    Richard C. Harris
    (pending *pro hac vice)*
    **ADLER MURPHY & McQUILLEN, LLP**
    20 S. Clark St., Suite 2500
    Chicago, Illinois 60603
    *Attorneys for Defendant L3Harris*
    *Technologies, Inc.*