IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gibson Muir,<br><br>　　　　Plaintiff,<br><br>v.<br><br>L3Harris Technologies, Inc., a Delaware for profit corporation,<br><br>　　　　Defendant. | No.  CV19-5887 PHX DGC<br><br>**ORDER** |

  Plaintiff filed a complaint against Defendant on December 2, 2019 in the Superior Court for Maricopa County.  Defendant removed this matter to this Court on December 23, 2019.  Doc. 1.  On January 29, 2020, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.  Doc. 14.  Plaintiff has filed no response, and the time for doing so has expired.  *See* LRCiv 12.1(b), 56.1(d); Fed. R. Civ. P. 6(d).  Plaintiff shall have until **March 13, 2020** to file a response to the motion to dismiss (Doc. 14).

  Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules").  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").  The Federal Rules of Civil Procedure and the Court's

Local Rules of Civil Procedure are available on the Court's website at www.azd.uscourts.gov. A copy of the Court's Local Rules of Civil Procedure may also be obtained from the Clerk's Office.

Rule 7.2 of the Local Rules of Civil Procedure provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Plaintiff is advised that if he does not file a response to Defendant's motion to dismiss (Doc. 14) by **March 13, 2020**, the Court may summarily grant the motion. Plaintiff is further advised that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action *with prejudice* pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff shall have until **March 13, 2020** to file a response to Defendant's motion to dismiss (Doc. 14).

2. Plaintiff is warned that the Court may summarily grant the motion to dismiss if Plaintiff fails to comply with this order.

Dated this 21st day of February, 2020.

David G. Campbell
Senior United States District Judge