**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gibson Muir,<br><br>              Plaintiff,<br><br>v.<br><br>L3Harris Technologies, Inc., a Delaware corporation,<br><br>              Defendant. | No. CV-19-05887-PHX-DGC<br><br>**ORDER** |

      Plaintiff Michael Muir filed a state court complaint against Defendant L3 Harris Technologies. Doc. 1-3 at 6-17. Defendant removed the case to this Court based on diversity and federal question jurisdiction. Doc. 1. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss the complaint for failure to state a claim for relief. Doc. 14. For reasons stated below, the Court will deny the motion as moot.

      Rule 15(a)(1) provides that a plaintiff may amend his original complaint "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed an amended complaint 14 days after service of the motion to dismiss. *See* Docs. 14, 15. The amended complaint therefore is timely and Plaintiff did not need leave of Court or Defendant's consent to file the pleading. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("Under the current version of Rule 15 adopted in 2009, parties have 21 days from both responsive pleadings and motions to dismiss to amend as of right.").

Plaintiff's "amended complaint supersedes the original complaint and renders it without legal effect." *Id.*; *see Jacobs v. Betlach*, No. CV-14-00974-PHX-BSB, 2014 WL 11515618, at *2 (D. Ariz. June 27, 2014) ("[B]ecause the amended complaint supersedes the previously filed complaints, it is currently the operative complaint in this matter.") (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)); *Earls v. City of Clovis*, No. CV F 06-0305 AWI SMS, 2006 WL 1222696, at *1 (E.D. Cal. May 4, 2006) ("Once filed, the amended complaint supersedes the original complaint in its entirety, and the court will proceed with the amended complaint.") (citing *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981)). Because Defendant's "motion seeks to dismiss claims in a complaint that is no longer operative, it will be denied as moot." *McCormick v. Arizona*, No. CV-19-04425-PHX-DGC (MHB), 2019 WL 5960075, at *1 (D. Ariz. Nov. 13, 2019); *see Gonzalez v. Cate*, No. 2:11-CV-3196-GEB-EFB, 2015 WL 128125, at *4 (E.D. Cal. Jan. 8, 2015) (plaintiff's "amended complaint will supersede the [complaint] that defendants have moved to dismiss, rendering the earlier complaint of no legal effect and defendants' motion moot").

**IT IS ORDERED:**

1. Defendant's motion to dismiss the original complaint (Doc. 14) is **denied** as moot.

2. Defendant shall answer or otherwise respond to the amended complaint (Doc. 15) by **June 5, 2020**. See Fed. R. Civ. P. 15(a)(3).

Dated this 20th day of May, 2020.

David G. Campbell
Senior United States District Judge