**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gibson Muir,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>L3Harris Technologies, Inc., a Delaware corporation,<br><br>　　　　　Defendant. | No. CV-19-05887-PHX-DGC<br><br>**ORDER** |

Plaintiff Michael Muir claims that Defendant L3Harris Technologies violated state and federal law when it developed certain airport passenger screening technology used by the Transportation Security Administration ("TSA"). Doc. 1-3 at 6-17. The Court denied as moot Defendant's motion to dismiss the original complaint because Plaintiff had filed a first amended complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Doc. 21; *see* Docs. 14, 15.

Defendant has moved to dismiss the first amended complaint for failure to state a claim for relief. Doc. 22. Plaintiff responded by filing a second amended complaint. Doc. 23. The Court will strike that pleading and give Plaintiff until **August 7, 2020** to file a response to Defendant's motion to dismiss the first amended complaint.

**I.　The Second Amended Complaint Was Improper.**

Rule 15(a)(1) provides that a plaintiff may amend his original complaint "*once* as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R.

Civ. P. 15(a)(1)(B) (emphasis added). In all other cases, the plaintiff may amend a complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("[A] plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended complaint under 15(a)(2)."); *Diggs v. Doe*, No. 1:19-CV-00766-GSA-PC, 2019 WL 5718195, at *1 (E.D. Cal. Nov. 5, 2019) (same). Because Plaintiff has neither obtained the Court's leave to file the second amended complaint nor provided notice that Defendant consents to the amendment, the pleading was improperly filed. *See Mijares v. Ryder Truck Rental, Inc.*, No. CV 20-1328-MWF (KS), 2020 WL 1912217, at *5 (C.D. Cal. Apr. 17, 2020) ("Mijares was required under Rule 15(a)(2) to seek leave from the Court to file the SAC or otherwise receive written consent from Ryder to do so. Because Mijares did neither, the SAC was improperly filed.").

**II.     Leave to Amend Will Be Denied.**

Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). But a district court may deny leave to amend where there is undue delay or bad faith on the part of the amending party, undue prejudice to the opposing party, or futility of the proposed amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In violation of Local Rule of Civil Procedure 15.1, Plaintiff has not "indicate[d] in what respect the [second amended complaint] differs from the pleading which it amends[.]" A comparison of the two pleadings, however, shows that the second amended complaint adds two new defendants – the TSA and its Administrator – and asserts claims that clearly are without merit. *See* Doc. 23 at 23-43 (alleging violations of the Eighth Amendment and Illinois criminal statutes). Plaintiff has provided no basis for adding defendants and expanding the scope and nature of his claims. Moreover, Defendant L3Harris has now

twice moved to dismiss Plaintiff's claims. Docs. 14, 22. Requiring Defendant to file a third motion to dismiss would be unfair and unduly prejudicial. The Court will deny Plaintiff leave to amend his first amended complaint. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" where the plaintiff previously amended the complaint).

Because the second amended complaint was improperly filed, the Court will strike it from the record. *See* Fed. R. Civ. P. 12(h); LRCiv 7.2(m); *McClellon v. Bank of Am., N.A.*, No. C18-0829-JCC, 2018 WL 4852628, at *2 (W.D. Wash. Oct. 5, 2018) ("McClellon was not entitled to file a second amended complaint as a matter of course because he had already amended his complaint. Nor did McClellon receive written consent from BOA or leave from the Court to file a second amended complaint. Therefore, the Court [strikes] McClellon's second amended complaint and will not consider its allegations in deciding Defendant's motion to dismiss."); *U.S. Vessel Documentation v. Vessel Holdings 7, LLC*, No. SACV 17-00823-CJC(JCGx), 2017 WL 8229636, at *1 (C.D. Cal. June 14, 2017) ("Plaintiff did not seek leave of the Court before filing the Second Amended Complaint, nor did it provided notice that the opposing party consents to the filing. Accordingly, the Court hereby [strikes] the Second Amended Complaint."). Plaintiff shall file a response to Defendant's motion to dismiss the first amended complaint (Doc. 22) by **August 7, 2020**.

**IT IS ORDERED:**

1. The Clerk is directed to **strike** from the record Plaintiff's improperly filed second amended complaint (Doc. 23).

2. Plaintiff shall file a response to Defendant's motion to dismiss the first amended complaint (Doc. 22) by **August 7, 2020**.

Dated this 23rd day of July, 2020.

David G. Campbell
Senior United States District Judge