Mark G. Worischeck/Bar No. 011147
Ryan P. Sandstrom/Bar No. 029862
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Phone: 602.532.5795
Mark.Worischeck@sandersparks.com
Ryan.Sandstrom@sandersparks.com

Michael G. McQuillen/IL Bar No. 6188166
(*admitted pro hac vice)*
Christopher J. Raistrick/IL Bar No. 6237922
(*admitted pro hac vice)*
Mark S. Susina/IL Bar No. 6201998
(*admitted pro hac vice)*
Richard C. Harris/IL Bar No. 6313005
(*admitted pro hac vice)*
**ADLER MURPHY & McQUILLEN, LLP**
20 S. Clark St., Suite 2500
Chicago, Illinois 60603
Phone: 312.345-0700
mmcquillen@amm-law.com
craistrick@amm-law.com
msusina@amm-law.com
rharris@amm-law.com

*Attorneys for Defendant L3Harris Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Gibson Muir, a natural man living in Tempe, Arizona,<br><br>Plaintiff,<br><br>v.<br><br>L3Harris Technologies, Inc., a Delaware for-profit corporation,<br><br>Defendant. | Case No. 2:19-cv-05887-DGC<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

Defendant, L3HARRIS TECHNOLOGIES, INC. ("L3"), hereby objects to Plaintiff's Notice of Voluntary Dismissal Without Prejudice, and in support states as follows:

**I. INTRODUCTION**

Plaintiff wasted no time shopping for a different forum to file the claim that was recently stricken by this Court, and as a result of Plaintiff's forum shopping and violations of this Court's orders discussed below, this Court should deny Plaintiff's voluntary dismissal without prejudice.

To briefly recap the procedural posture of this case, Plaintiff's First Amended Complaint focused solely on an alleged occurrence at the Phoenix-Mesa Gateway International Airport on August 9, 2018. *See* Doc. 15. On June 5, 2020, L3 filed a Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law in Support. *See* Doc. 22. On June 24, 2020, Plaintiff filed a Second Amended Complaint. *See* Doc. 23. The Second Amended Complaint added the Transportation Security Administration ("TSA") and its Administrator as Defendants. The Second Amended Complaint also added allegations of a second occurrence, at the Peoria International Airport ("PIA"), on August 12, 2018.

On July 23, 2020, this Court entered an Order striking Plaintiff's Second Amended Complaint and giving Plaintiff until August 7, 2020, to file a response to L3's motion to dismiss the First Amended Complaint. *See* Doc. 24. In its Order striking the Second Amended Complaint, this Court found that Plaintiff had already exhausted his one opportunity to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). Hence, under Fed. R. Civ. P. 15(a)(2), a second amended complaint required consent from opposing counsel or leave of the Court. This Court ruled: "Because Plaintiff has neither obtained the Court's leave to file the second amended complaint nor provided notice that Defendant consents to the amendment, the pleading was improperly filed." *See* Doc. 24, pg. 2. This Court further noted that Plaintiff violated Local Rule of Civil Procedure 15.1, which requires an indication of the differences between the amended and original pleadings. This Court ruled in pertinent part:

> "A comparison of the two pleadings, however, shows that the second amended complaint adds two new defendants – the TSA and its Administrator – and asserts claims that clearly are without merit. *See* Doc. 23 at 23-43 (alleging violations of

> the Eighth Amendment and Illinois criminal statutes). Plaintiff has provided no basis for adding defendants and expanding the scope and nature of his claims. Moreover, Defendant L3Harris has now twice moved to dismiss Plaintiff's claims. Docs. 14, 22. Requiring Defendant to file a third motion to dismiss would be unfair and unduly prejudicial. The Court will deny Plaintiff leave to amend his first amended complaint." *See* Doc. 24, pgs. 2-3 (citation and parenthetical in original).

On July 31, 2020, in open defiance of this Court's July 23 ruling, Plaintiff filed a Complaint and Demand for Jury Trial in the United States District Court for the Central District of Illinois. *See* Plaintiff's "Illinois Complaint" attached hereto as **Exhibit A**. The Illinois Complaint is a rehash of the additional claims and allegations that Plaintiff attempted to add by filing his Second Amended Complaint. Specifically, the Illinois Complaint: (1) adds the TSA and its administrator as defendants; and (2) is based on the alleged occurrence at PIA on August 12, 2018.

On August 4, 2020, Plaintiff filed a "Notice of Voluntary Dismissal Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i)." For the reasons that follow, L3 hereby objects to Plaintiff's voluntary dismissal and requests that Plaintiff be ordered to file a response to L3's motion to dismiss the First Amended Complaint.

## II. ARGUMENT

### A. Fed. R. Civ. P. 41(a)(1)(A)(i)

Under Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Here, L3's motion to dismiss the First Amended Complaint was, for all intents and purposes, a motion for summary judgment.

On a motion under Rule 12(b)(6), if matters outside the pleadings are presented and not excluded by the court, then the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). In *Swedberg v. Marotzke*, 339 F.3d 1139, 1140 (9th Cir. 2003), the plaintiff submitted extraneous materials with her opposition to the defendant's Rule 12(b)(6) motion. After briefing was completed, the plaintiff filed a Rule 41(a)(1) notice of voluntary dismissal without prejudice. Thereafter, the magistrate judge concluded that the defendant's Rule 12(b)(6) motion was converted to a summary judgment motion, thus precluding a voluntary dismissal under Rule

41(a)(1). However, the magistrate judge later changed course and granted the plaintiff's motion to reconsider on grounds that the plaintiff's dismissal notice was filed before the decision to convert the 12(b)(6) motion to a motion for summary judgment. *Id*. at 1141.

The Ninth Circuit Court of Appeals noted that it had not yet addressed the intersection of Rules 12(b)(6) and 41(a)(1). *Id*. at 1142. After reviewing holdings from other circuits, the Court of Appeals affirmed the district court's ruling and concluded that a motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment "until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials." *Id*. at 1142. Although this would preferably be accomplished by the court's explicit ruling, there is no strict requirement in that regard. *See id*. at 1146.

Here, in its ruling on July 23, 2020, this Court ordered Plaintiff to respond to L3's motion to dismiss the First Amended Complaint but made no indication that it would exclude L3's supporting extraneous materials from its consideration. The supporting extraneous materials provided by L3 consist of: (1) the SAFETY Act Certification and Designation for L3's qualifying anti-terrorism technology; and (2) the supporting Declaration from George Salimbas. *See* Doc. 22, Group Exhibit 1, and Exhibit 2. This Court's Order therefore operated as an implicit ruling that L3's Rule 12(b)(6) motion was converted to a summary judgment motion. While *Swedberg* mentioned its preference for an explicit ruling in this regard, it was careful to acknowledge that such a ruling may be made implicitly. *See Swedberg*, 339 F.3d at 1146.

For these reasons, this Court should rule that it implicitly converted L3's Rule 12(b)(6) motion to a motion for summary judgment, thus precluding Plaintiff from voluntarily dismissing his lawsuit under Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

**B. Fed. R. Civ. P. 41(a)(2)**

Under Fed. R. Civ. P. 41(a)(2), except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request by court order and on terms the court considers proper. A

[1] If the Court rules that the Rule 12(b)(6) motion has been converted to one for summary judgment, but ultimately denies the motion for summary judgment, L3 reserves the right to file another motion for summary judgment—with leave of the court—upon the completion of discovery.

district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some "plain legal prejudice" as a result. *Navajo Nation v. Peabody Coal Co.*, 2009 U.S. Dist. LEXIS 25661, at *11 (D. Ariz. Mar. 25, 2009). Plain legal prejudice typically involves prejudice to some legal interest, some legal claim, or some legal argument. *Id*; *see also Friendly House v. Whiting*, 2012 U.S. Dist. LEXIS 192444, at *107 (D. Ariz. July 11, 2012) (noting that a district court can reject a voluntary dismissal upon inferring an "underhanded strategy" by the plaintiff). Whether to grant a motion for voluntary dismissal under Rule 41(a)(2) is within the district court's "sound discretion." *Navajo Nation*, 2009 U.S. Dist. LEXIS 25661, at *12.

Here, the Court can clearly infer an "underhanded strategy" on the part of Plaintiff. In its ruling on July 23, setting aside the violation of Rule 15(a)(2), the Court ruled that the additional claims in the Second Amended Complaint were "clearly without merit" and Plaintiff "provided no basis for adding defendants and expanding the scope and nature of his claims." The Court further ruled that requiring L3 to file a third motion to dismiss would be "unfair and unduly prejudicial." *See* Doc. 24. Hence, the Court need look no further than its own recent Order to find appropriate grounds for the rejection of a voluntary dismissal.

If the voluntary dismissal is allowed, then L3 will be forced to file another motion to dismiss the Illinois Complaint in a different forum—despite this Court's ruling that being forced to do so is "unfair and unduly prejudicial." However, if the voluntary dismissal is rejected, then L3 can move to dismiss the Illinois Complaint based on the "first-to-file rule," which generally favors the forum of the first-filed suit when a later suit filed in a different forum is duplicative of a parallel action pending in different federal court. *See Great West Casualty Co. v. Ross Wilson Trucking*, 2017 U.S. Dist. LEXIS 24204, at *10 (C.D. Ill. Feb. 21, 2017). Because allowing the voluntary dismissal would deprive L3 of an opportunity to make this legal argument, L3 has shown it would suffer plain legal prejudice, and the Court should exercise its broad discretion in rejecting Plaintiff's voluntary dismissal.

/ / /

**C. Fed. R. Civ. P. 41(b)**

Under Fed. R. Civ. P. 41(b), if the plaintiff fails to prosecute or comply with a court order, a defendant may move to dismiss the action or any claim against it. If the motion is granted, unless the dismissal order states otherwise, the order operates as an adjudication on the merits.

Here, Plaintiff was ordered to respond to the motion to dismiss his First Amended Complaint and his Second Amended Complaint was stricken as being both improper and meritless. Further, Plaintiff has been warned that his failure to respond to a motion to dismiss may be deemed a consent to the granting of the motion under Rule 7.2 of the Local Rules of Civil procedure. *See* Doc. 17. Yet, Plaintiff essentially filed his Second Amended Complaint as a new action in the Illinois federal court. If the Court is inclined to allow Plaintiff's notice of voluntary dismissal, then L3 alternatively moves for the dismissal of the instant action with prejudice under Fed. R. Civ. P. 41(b).

WHEREFORE, for the foregoing reasons, Defendant, L3HARRIS TECHNOLOGIES, INC., respectfully requests that this Court reject Plaintiff's Notice of Voluntary Dismissal and order him to respond to L3's motion to dismiss the First Amended Complaint. In the alternative, L3 requests that this Court order the dismissal of Plaintiff's First Amended Complaint with prejudice.

**RESPECTFULLY SUBMITTED** this 6th day of August, 2020.

**SANDERS & PARKS, P.C.**

By *   /s/ Ryan P. Sandstrom*
Mark G. Worischeck
Ryan P. Sandstrom
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099

Michael G. McQuillen (admitted *pro hac vice)*
Christopher J. Raistrick (admitted *pro hac vice)*
Mark S. Susina (admitted *pro hac vice)*
Richard C. Harris (admitted *pro hac vice)*
**ADLER MURPHY & McQUILLEN, LLP**
20 S. Clark St., Suite 2500
Chicago, Illinois 60603
*Attorneys for Defendant L3Harris Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

With a copy sent via U.S. Mail and email to:

Michael Gibson Muir
3255 S. Dorsey Lane
Apt. 1036
Tempe, AZ 85282
blaxwan@yahoo.com
*Plaintiff Pro Per*

By: *\/s/ Katie Martin*