**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael Gibson Muir,

    Plaintiff,

v.

L3Harris Technologies, Inc., a Delaware corporation,

    Defendant.

No. CV-19-05887-PHX-DGC

**ORDER**

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moved to dismiss Plaintiff's first amended complaint for failure to state a claim for relief. Doc. 22. Plaintiff responded by filing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). Doc. 25. Defendant objects to the notice and to voluntary dismissal without prejudice. Doc. 26. For reasons stated below, the Court concludes that the filing of the notice of dismissal automatically terminated this action and deprived the Court of jurisdiction over Plaintiff's claims.

    Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Unless the notice states otherwise, "the dismissal is without prejudice[.]" Fed. R. Civ. P. 41(a)(1)(B). Plaintiff's notice states that this action is dismissed "without prejudice." Doc. 25 at 1.

"The Ninth Circuit has been clear that Rule 41 confers on the plaintiff 'an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" *Pate v. Cheng*, No. CV-14-02202-TUC-CRP, 2015 WL 795061, at *1 (D. Ariz. Feb. 25, 2015) (quoting *Am. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999), and *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)); *see also Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) ("The language of Rule 41(a)(1) is unequivocal. It permits a plaintiff to dismiss an action 'without order of court.'"); *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("We have held that Rule 41(a)(1)(i) grants plaintiffs 'an absolute right to dismiss without prejudice' claims against one or more defendant, and requires no action on the part of the court.") (quoting *Pedrina*).

In *Pedrina*, the Ninth Circuit emphasized the unqualified nature of the plaintiff's right to dismiss under Rule 41(a)(1)(A)(i):

> The filing of the notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

987 F.3d at 610 (citation and brackets omitted); *see Duke Engery*, 267 F.3d at 1049 (same); *see also Am. Soccer*, 187 F.3d at 1112 ("We agree that Rule 41 does not authorize a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal. The literal terms of the rule apply: if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court.").

Because Defendant's Rule 12(b)(6) motion is not an answer or a summary judgment motion, Plaintiff has the absolute right to dismiss this action without prejudice and without a court order under Rule 41(a)(1)(A)(i). *Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) ("Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without

prejudice in the face of a 12(b)(6) motion[.]"); *Brown v. Morgan*, No. 3:16-CV-5975-RBL-TLF, 2020 WL 1941323, at *4 (W.D. Wash. Feb. 19, 2020) ("A motion to dismiss is 'neither an answer nor . . . a motion for summary judgment,' and thus does not terminate the plaintiff's right of dismissal by notice.") (citation omitted).

On July 31, 2020, Plaintiff filed a complaint against Defendant in the Central District of Illinois that is similar to his proposed second amended complaint in this case. Docs. 23, 26-1. Defendant asserts that the Illinois complaint was filed in "open defiance" of the Court's order denying leave to amend, and that Plaintiff has engaged in inappropriate forum shopping. Doc. 26 at 1-2. Defendant contends that because its motion to dismiss included extraneous materials, the motion must be treated as one for summary judgment under Rule 12(d). *Id.* at 2 (citing *Swedberg*, 339 F.3d at 1140). But the Ninth Circuit made clear in *Swedberg* that "[a] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)." 339 F.3d at 1146. The Court has not acted to convert Defendant's motion to one for summary judgment.

Defendant claims that the Court's order requiring Plaintiff to respond to the motion to dismiss "operated as an implicit ruling that [the] Rule 12(b)(6) motion was converted to a summary judgment motion." Doc. 26 at 2. The Court does not agree. The Court directed Plaintiff to "file a response to Defendant's *motion to dismiss*[.]" Doc. 24 at 3 (emphasis added). The Court did not intend to consider the extraneous materials. If so, the Court would have explicitly converted the motion and directed *pro se* Plaintiff to the requirements of Rule 56 and Local Rule of Civil Procedure 56.1. *See Thomas v. Maricopa Cty. Bd. of Supervisors*, No. CV-07-0258-PHX-DGC (DKD), 2007 WL 2995634, at *3 (D. Ariz. Oct. 12, 2007) (converting a motion to dismiss into a motion for summary judgment requires specific notice to the non-moving party, particularly in the case of a pro se litigant) (citations omitted).

Defendant further claims that it will be prejudiced if this action is dismissed without prejudice because it will be forced to file a motion to dismiss in the Illinois action. But Defendant could have precluded a dismissal without prejudice in this case by answering the complaint or filing a Rule 56 motion. *See Swedberg*, 339 F.3d at 1146 (noting that defendants "continue to enjoy the protection of [Rule 41(a)(1)], too, in that they may prevent unilateral dismissal by serving plaintiff with an answer"); *Am. Soccer*, 187 F.3d at 1112 ("[I]f the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court. This does not prejudice defendants. If defendants 'desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(1)(a) they may do so by taking the simple step of filing an answer.'") (citation and brackets omitted).

Defendant states that if the Court were to vacate the dismissal without prejudice and allow this case to proceed, Defendants would move to dismiss the Illinois action under the "first-to-file rule." Doc. 26 at 4. But the Court does not have discretion to facilitate Defendant's strategy. Once Plaintiff filed the notice of dismissal under Rule 41(a)(1)(A)(i), the Court "los[t] jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Duke Energy*, 267 F.3d at 1049 (quoting *Comm. Space Mgmt.*, 193 F.3d at 1077); *Am. Soccer*, 187 F.3d at 1112 ("[T]he 'absolute right' for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play.").

**IT IS ORDERED** that the Clerk is directed to **terminate** this action given Plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A)(i) (Doc. 25).

Dated this 14th day of August, 2020.

_____
David G. Campbell
Senior United States District Judge